635 P.2d 182

**The AMERICAN STAR INSURANCE COMPANY, a New York Corporation, Plaintiff/Appellee,**

**v.**

**HAYMORE PAVING, INC., an Arizona Corporation; Charles E. Haymore and Ruth Haymore, husband and wife; Richard C. Vermillion, as personal representative of the Estate of William R. Vermillion, Deceased, Defendants/Appellants.**

**No. 2 CA–CIV 3889.**

Court of Appeals of Arizona, Division 2.

July 7, 1981.

Rehearing's Denied Sept. 3, 1981.

Review's Denied Sept. 29, 1981.

**198**

Jennings, Strouss & Salmon by M. Byron Lewis, Phoenix, for plaintiff/appellee.

Russo, Cox, Dickerson & Sylvester, P. C. by Karl E. MacOmber, Tucson, for defendants/appellants Haymore.

Molloy, Jones, Donahue, Trachta, Childers & Mallamo, P. C. by John F. Molloy, Tobin Rosen and Earl F. Daniels, III, Tucson, for defendant/appellant Vermillion.

## OPINION

HOWARD, Judge.

This is an action for declaratory relief by appellee, American Star Insurance Company (American Star), seeking a judgment declaring that it did not cover the accident which resulted in the death of William Vermillion. The trial court ruled in appellee's favor. We affirm.

Richard C. Vermillion, acting as personal representative of the Estate of William R. Vermillion, deceased, filed an action against Haymore Paving, Inc., Charles E. Haymore and Ruth Haymore, husband and wife, and certain other defendants in Pima County Superior Court. The complaint alleges, inter alia, that on March 9, 1979, William R. Vermillion was working for Haymore Paving, Inc. acting at all times within the course and scope of his employment, and acting at the direction of Charles E. Haymore, was adding air to a tire on a road grader owned by Haymore Paving, Inc. when a lock ring on the tire became disengaged from the wheel and struck him with such force that he died as a result. Count VIII of the complaint seeks to recover against Charles E. Haymore on the theory that when he instructed William Vermillion to inflate the tire he breached a duty to inform Vermillion of the dangers of such action. Count IX seeks to recover against Haymore Paving, Inc. on the theory that it, as the employer, breached a duty to provide William R. Vermillion with a safe place to work and warn him of the dangers inherent in the work he was instructed to do. Mr. Haymore is the president and treasurer of Haymore Paving, Inc.

At issue is the language of the insurance policy which was issued by American Star. The named insureds on the policy are Charles E. Haymore and Haymore Paving, Inc. The "insuring agreements" to the policy for "coverages A and B (business liability)", provide that American Star agrees:

"1. To pay on behalf of the *insured* all sums which the *insured* shall become legally obligated to pay as damages because of:

A. bodily injury, sickness or disease, including death resulting therefrom,

sustained by any person (hereafter called *Bodily Injury*);

\* \* \* \* \* \*

Provided, however, that if the *Named Insured* is an INDIVIDUAL, Coverages A and B apply ONLY with respect to the conduct of a business of which he is the SOLE PROPRIETOR, and if a PARTNERSHIP, JOINT VENTURE or CORPORATION is a *Named Insured*, any *Named Insured* who is an INDIVIDUAL shall be protected under Coverages A and B ONLY with respect to his liability as a partner of such partnership, member of such joint venture or officer, director or stockholder of such corporation.

\* \* \* \* \* \*

2. DEFINITION OF INSURED: The unqualified word *insured* under Coverages A and B means:

(a) except with respect to the ownership, maintenance, use, operation, loading, or unloading of *automobiles*:

(1) any individual designated as a *named insured* as respects:

a. the conduct of a business of which he is the Sole Proprietor; or

b. his liability as partner of a partnership, member of a joint venture or officer, director or stockholder of a corporation, if such partnership, joint venture or corporation is also designated as a *Named Insured*;

(2) any employee (including officers, directors or stockholders) of the *Named Insured* while acting within the course and scope of his duties and authority as such, provided however, that no employee shall be insured with respect to *Bodily Injury* or *Property Damage* sustained by a *Named Insured* or by another employee arising out of and in the course of employment by a *Named Insured*."

(Emphasis in original)

Appellants concede there is no coverage as far as the alleged liability of Haymore Paving, Inc. is concerned, but they argue that Charles E. Haymore, as an individual, is covered by the policy. We do not agree.

Charles E. Haymore, as an individual, is covered only with respect to his liability as an officer, director or stockholder of Haymore Paving, Inc. However, he is not being sued in any of those capacities. Nor is he covered under the policy as an employee of Haymore Paving, Inc. Paragraph A(2) excepts from the definition of "insured", bodily injury to another employee arising out of and in the course of employment by the named insured.

Affirmed.

HATHAWAY, C. J., and BIRDSALL, J., concur.